IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL NO. 09-00014-KD |
| | ) |
| SEAN NETTLES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on defendant Sean Nettles' motion to receive jail time credit (doc. 137). Nettles moves the Court to "grant him the jail time credits he earned from his detainment in custody [at] the Mobile County Jail from July 9, 2009 until January 4, 2010", explains the disposition of his state court cases,[1] and asks the Court to send an order showing the jail time credit to be given. Upon consideration, and for the reasons set forth herein, Nettles' motion is **DENIED** for lack of jurisdiction.

The Federal Bureau of Prisons, not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the federal sentence commences. See United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 333-335, 112 S.Ct. 1351, 1354-1355 (1992)); Galloway v. Fisher, 2008 WL 4057803, 3 (N.D. Fla. 2008) (The federal Attorney General, "acting through the Bureau of Prisons. . . initially possesses the exclusive authority to determine when a sentence is deemed to 'commence,' . . . and to compute sentence credit awards after sentencing.") (citation omitted); 18 U.S.C. § 3585.

Thus, "a federal prisoner dissatisfied with computation of his sentence must pursue the

---

[1] Nettles states that the charge of obstruction of justice was reduced to false information, and that he received time served as to that case. The Bureau of Prisons is prohibited from granting credit for time which has already been credited against another sentence, state or federal. 18 U.S.C. § 3585(b); Galloway, 2008 WL 4057803 at *5 (citation omitted).

administrative remedy available through the federal prison system before seeking judicial review of his sentence." Williams, 425 F.3d at 990 (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir.1989) (interpreting § 3585(b)'s predecessor, § 3568)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." Id. (citing United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir.2000). "Exhaustion of administrative remedies is jurisdictional." Id. (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992) (addressing denial of a § 2241 petition)).

Nettles does not state whether he exhausted the administrative procedures available to correct the Bureau of Prison's calculation of jail credit. Because "[e]xhaustion of administrative remedies is jurisdictional," Williams, 425 F.3d at 990 (citation omitted), this Court lacks jurisdiction over Nettles' motion. Additionally, "federal courts do not have the authority under § 3585 to order the [Bureau of Prisons] to credit a prisoner with state time served." Galloway, 2008 WL 4057803 at *5 (citing United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997)).

The Clerk of the Court is **directed** to mail a copy of this order to Nettles.

**DONE** and **ORDERED** this 27th day of December, 2010.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**