# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL ACTION No. 09-00014-KD |
| ) | |
| SEAN NETTLES, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the request for hearing or transfer filed by defendant Sean Nettles (doc. 142), the writ of garnishment issued by this Court (doc. 139), and the garnishee's answer (doc. 143).

On July 24, 2009, Nettles was sentenced to a term of forty-eight (48) months and three (3) years of supervised release for the offenses of conspiracy to commit access device fraud and aggravated identity theft (doc. 128, p. 1-3, Judgment in a Criminal Case). He was ordered to pay restitution in the total "amount of $8,996.31, to be paid jointly and severally" with his three co-defendants and an assessment of $200.00 was also imposed for a total of $9,196.31 (doc. 128, p. 3; p. 5, Criminal Monetary Penalties).

On February 1, 2011, the United States filed an application for writ of garnishment to garnish Nettles' property held by the Mobile County Sheriff Sam Cochran at the Mobile County Metro Jail, Mobile, Alabama (doc. 139). On February 3, 2011, the writ issued and the garnishee answered that $5,588.55 was held in Nettles' inmate account pending further instruction from the court (doc. 140, 143).

Nettles was served with notice of the garnishment on February 22, 2011 (doc. 142, p. 1, Statement of Inmate System Officer Christie Hanks; doc. 144, United States Marshal's return of

service).  On February 25, 2011, Nettles filed a request for hearing and transfer (doc. 142).[1]

In the request form, Nettles states that he is not indebted to the United States because "[t]he Defendant's Judgment ordered him to pay $8,996.31 jointly and severally with his [three] codefendants requiring him to pay only $2,449.07 assessment fee added." (doc. 142).  Nettles appears to have divided the $8,996.31 judgment by the four defendants which yields $2,249.07 and then added the $200.00 assessment to reach a total of $2,449.07, which Nettles believes that he should pay.  Thus, Nettles admits that he owes one-forth on the restitution but denies owing anything more.

<u>Request for hearing</u>

Nettles timely filed his request for hearing within twenty (20) days of receipt of service.  28 U.S.C. § 3205(c)(5).  The FDCPA directs that the "court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties."  <u>Id</u>. <u>United States v. Pugh</u>, 2003 WL 22048360, *1 (8th Cir. Sept. 3, 2003)  ("the district court must conduct a hearing as soon as practicable," if the debtor objects and that the district court commits reversible if the hearing is denied); <u>see</u> <u>United States v. Wood</u>, 2010 WL 4386900, *2 (S.D. Ala. Oct. 29, 2010) (finding that a hearing is mandatory) (citing <u>Pugh</u>, 2003 WL 22048360 at *1).  However, before setting a hearing, this Court must resolve Nettles' request for transfer.

<u>Request for transfer</u>

Nettles timely filed his request for transfer within twenty (20) days of receipt of service.  <u>See</u> 28 U.S.C. § 3004(b)(2) ("If the debtor so requests, within 20 days after receiving the notice

---

[1] On the request form, Nettles indicated that a "Claim for Exemptions Form was attached" (doc. 142, p. 2).  However, no Claim for Exemptions was received by the Court.

described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides."). Nettles is currently incarcerated in the Forrest City Federal Correctional Complex at Forrest City, Arkansas which is in the Eastern District of Arkansas (doc. 142; Bureaus of Prisons Inmate Locator, www.bop.gov).

Section 3004(b)(2) of the Federal Debt Collection Procedure Act (FDCPA) appears to indicate that transfer is mandatory, i.e., "shall be transferred", see United States v. Nash, 175 F. 3d 440, 443 (6th Cir. 1999) (stating that "[b]ecause the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner" but finding denial of transfer was harmless error). However, some courts have discussed whether circumstances may exist such that transfer may be denied in reliance upon § 3013 of the FDCPA which gives district courts "plenary authority to 'make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure'" under the FDCPA. United States v. Gipson, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010). In Gipson, the Court explained that "a district court may, for good cause, deny the motion to transfer, and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect on a [Mandatory Victims Restitution Act (MVRA)] restitution judgment".[2] Gipson, at 576. The court in Gipson, ultimately granted the motion to transfer.

Reviewing the facts of this garnishment proceeding, and the fact that Nettles is currently

---

[2] The court relied upon 28 U.S.C. § 3003(b) of the FDCPA, which states that [t]his chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law- (2) to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case...." 28 U.S.C. § 3003(b), construing the MVRA as an "other Federal law".

incarcerated in Arkansas and would have to be transported to this District for a hearing at great time and expense to the United States, the Court finds that the circumstances of this collection proceeding do not show that granting Nettles' motion to transfer would curtail or limit the United States' efforts to collect the restitution judgment.

Accordingly, the motion for transfer is **GRANTED** and this garnishment proceeding shall be transferred to the Eastern District of Arkansas, where defendant Nettles resides.

The garnishee, Sheriff Sam Cochran, is ordered to continue to hold the property at issue pending further court order.

The Clerk is directed to mail a copy of this order to the following:

Sean Nettles #10622-003
Federal Correctional Complex
P. O. Box 9000-Low
Forrest City, Arkansas  72336

Sheriff Sam Cochran
c/o Warden, Mobile County Metro Jail
450 St. Emanuel St.
Mobile, Alabama 36603


**DONE** and **ORDERED** this March 22, 2011.


 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**